IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TEDIE ROCHELLE BARROW, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No: 1:23-cv-221-RAH-SMD |
| ELBA NURSING HOME AND REHABILITATION, | ) ) ) ) |
| Defendant. | ) ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Three pro se Plaintiffs have filed a form complaint (Doc. 12) alleging that Defendant Elba Nursing Home and Rehabilitation ("Elba Nursing Home") negligently cared for and failed to provide adequate medical attention to their brother. Plaintiffs moved to proceed in forma pauperis, and the undersigned granted their requests. *See* Mots. (Docs. 13-15); Order (Doc. 19). Therefore, Plaintiffs' amended complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). Pursuant to that review, the undersigned recommends that Plaintiffs' amended complaint be dismissed without an opportunity to amend.

**I.     FACTUAL ALLEGATIONS**

Martinez Thomas ("Mr. Thomas"), a 44-year-old disabled male, was a resident at Elba Nursing Home from November 23, 2021, through December 2, 2021. Am. Compl. Fact Ex. (Doc. 12-1) p. 1. While Mr. Thomas resided at the facility, his sister, April Thomas

("Plaintiff Thomas"), reported to the nursing staff that he was "starting to retain body fluids behind the elbows." *Id*. at 2. Plaintiff Thomas requested that Mr. Thomas be given medication to assist with removing the fluids. *Id*. Mr. Thomas was not given the medication and he passed away on December 2, 2021. *Id*. at 2-3.

## II.   PLAINTIFFS' CLAIMS

Plaintiffs purport to bring claims under the Fourteenth Amendment and Title VII of the Civil Rights Act against Elba Nursing Home for "not providing [Mr. Thomas] with the highest standard of care he deserved which led to his passing." Am. Compl. (Doc. 12) p. 1.

## III.   JURISDICTION

Federal courts have jurisdiction to hear two general types of cases: (1) cases that arise under federal law, 28 U.S.C. § 1331, and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Courts presume that causes of action "lie[ ] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, Plaintiffs assert federal claims under Title VII and the Fourteenth Amendment. As such, this Court has subject matter jurisdiction over the amended complaint under its federal question jurisdiction. *See* 28 U.S.C. § 1331.

## IV.   SECTION 1915 REVIEW

Twenty-eight U.S.C. § 1915(e)(2)(B) instructs a court to dismiss an in forma pauperis complaint that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim may be frivolous on either factual or legal grounds. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Claims that describe "fantastic or delusional scenarios" are factually frivolous, while claims based on "indisputably meritless legal theor[ies]," such as those against defendants who are immune from suit or those based on the violation of a legal right that does not exist, are legally frivolous. *Id*. at 327-28. "Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face." *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful." *Urquilla-Diaz v. Kaplan Univ*., 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

A court should construe a pro se complaint "more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although a "less stringent standard" is applied to pro se pleadings, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

V.   ANALYSIS

    a.  **Plaintiffs fail to state a Title VII claim.**

Title VII prohibits employment discrimination on the basis of immutable characteristics, such as race, color, and national origin. *E.E.O.C. v. Catastrophe Mgmt. Solutions*, 11 F. Supp. 3d 1139, 1143 (S.D. Ala. Mar. 27, 2014). Title VII imposes liability on an employer, and an employee must demonstrate that an employment relationship existed before liability can attach. *See* 42 U.S.C. § 2000e-2(a); *Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 491-92 (7th Cir. 1996).

Here, Plaintiffs seem to allege a medical malpractice claim. They do not complain in any way of employment discrimination by their employer(s). Thus, they fail to state facts that support a Title VII claim. Further, because Plaintiffs' allegations do not in any way implicate Title VII or the protections it provides, amendment is futile.

    b.  **Plaintiffs fail to state a Fourteenth Amendment claim.**

The Fourteenth Amendment states that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." By its terms, then, the Fourteenth Amendment limits actions by state governmental entities, not private parties.

Here, Plaintiffs do not allege that they have been harmed by a state governmental entity. Thus, they fail to state facts that support a Fourteenth Amendment claim. Further,

because the nature of Plaintiffs' allegations do not implicate the protections of the Fourteenth Amendment from state action, amendment is futile.

### c. This Court likely lacks jurisdiction over any state law claims construed in the amended complaint.

It appears that Plaintiffs are attempting to assert some type of medical malpractice claim on behalf of Mr. Thomas. But Plaintiffs have not shown that this Court would have jurisdiction over those state law claims, if any could be construed. In the amended complaint, Plaintiffs each list Alabama addresses, suggesting that they are Alabama citizens.[1] They also list an Alabama address for Elba Nursing Home and Rehabilitation, suggesting that Defendant also is a citizen of Alabama.[2] Additionally, Plaintiffs do not allege the amount of damages they are seeking, nor do they provide facts by which the undersigned could estimate the damages sought. Thus, even if this Court could liberally construe Plaintiffs' amended complaint to assert state law claims, Plaintiffs have not shown that this Court has jurisdiction over those claims. Under these circumstances, the Court should not rewrite Plaintiffs' amended complaint or allow further amendment.

## VI. CONCLUSION

For these reasons, it is the

---

[1] To be clear, the undersigned does not find that Plaintiffs are Alabama citizens as such a finding is not necessary for this Recommendation.

[2] Again, to be clear, the undersigned does not find that Defendant is an Alabama citizen as such a finding is not necessary for this Recommendation.

RECOMMENDATION of the undersigned United States Magistrate Judge that Plaintiffs' amended complaint (Doc. 12) be DISMISSED without opportunity to amend. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before October 31, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 17th day of October, 2023.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE